UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RICKY D. COOPER** ) | Case Number 6:11-CV-1069 (MAD/ATB) |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **SCHLEE & STILLMAN LAW** ) | |
| **OFFICE, LLC** ) | **JURY TRIAL DEMANDED** |
| **&** ) | |
| **FIA CARD SERVICES, N.A.** ) | |
| ) | |
| **Defendants** ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Ricky D. Cooper, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.     Plaintiff, Ricky D. Cooper, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Schlee & Stillman for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Illinois Collection Agency Act, and against both Defendants Schlee & Stillman and FIA Card Services for Breach of Contract.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Defendant, FIA Card Services maintains a primary location in this District.

## III. PARTIES

4. Plaintiff, Ricky D. Cooper, is an adult natural person residing in Highland, Illinois. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Schlee & Stillman Law Office, LLC, (hereafter, "Defendant, Schlee & Stillman"), at all times relevant hereto, is and was limited liability company engaged in the business of collecting debt with a principal place of business located at 9712 Belair Road, Nottingham, MD 21236.

6. Defendant, FIA Card Services, N.A. (hereafter, "Defendant, FIA"), at all times relevant hereto, is and was a credit card payment processing company engaged in the business of collecting debt within the State of Illinois and the State of New York with a primary location at 5701 Horatio Street, Utica, New York 13502.

7. Defendant, Schlee & Stillman and FIA, are engaged in the collection of debts from consumers using the telephone and mail. Defendant, Schlee & Stillman, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about December 1, 2009, Plaintiff through his attorney, entered into

a settlement arrangement with Defendant, Schlee & Stillman for a debt owed to Defendant, FIA Card Services for charges made to a credit card for personal and household purchases.  **See "EXHIBIT A" (settlement letter) attached hereto.**

9. Plaintiff's original balance was for approximately $39,970.48.

10. Plaintiff and Defendant, Schlee & Stillman, settled the above mentioned account for $18,914.52.

11. Plaintiff agreed to make forty-two (42) monthly payments of varying amounts until the balance was paid in full.

12. Plaintiff's initial payment of $876.00 was due to Defendant, Schlee & Stillman, on or before December 8, 2009.

13. Plaintiff with assistance from his personal legal counsel made the first payment via check by phone on or about December 3, 2009.

14. On or about December 11, 2009, Defendant, Schlee & Stillman, deposited Plaintiff's first payment.

15. Over the next four (4) months Plaintiff continued to make monthly payments to Defendant, Schlee & Stillman, as agreed.

16. All payments to Defendant, Schlee & Stillman, were made timely.

17. Defendant, Schlee & Stillman, accepted and deposited all payments.

18. However, on or about March 23, 2010, Plaintiff received a notice from Defendant, Schlee & Stillman, stating that they had just received Plaintiff's account from

Defendant, FIA and it required immediate attention.  **See "EXHIBIT B" (letter) attached hereto**.

19. Defendant, Schlee & Stillman, was attempting to settle the above account again for Defendant, FIA.

20. Plaintiff along with her personal legal counsel continued to make monthly payments on the settlement arrangement that was already in place with Defendant, Schlee & Stillman.

21. Defendant, Schlee & Stillman, continued to accept Plaintiff's monthly payments through June, 2011.

22. On or about June 23, 2011, Plaintiff received notice from Defendant, Schlee & Stillman, that they were returning the Plaintiff's payment because Defendant, FIA had requested that the account be closed.  **See "EXHIBIT C" (letter) attached hereto**.

23. On or about July 6, 2011, Plaintiff's attorney called Defendant, Schlee & Stillman, to inquire why Plaintiff's account was recalled by Defendant, FIA.

24. During that call, Defendant, Schlee & Stillman, informed Plaintiff's attorney that Defendant, FIA, had actually recalled Plaintiff's account in October, 2010.

25. Defendant, Schlee & Stillman, had no explanation as to why they continued to accept Plaintiff's monthly payments for approximately eight (8) additional months after the account was recalled by Defendant, FIA.

26. Despite offering the Plaintiff the opportunity to participate in an agreed upon settlement arrangement, Defendants, Schlee & Stillman, and FIA Card Services,

breached that contract at no fault of the Plaintiff and FIA Card Services is attempting to collect the full balance.

27. As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, and frustration.

28. The Defendants, both of them, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

29. Defendant, Schlee & Stillman, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, Schlee & Stillman, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendant, Schlee & Stillman, were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant, Schlee & Stillman, herein.

31. At all times pertinent hereto, the conduct of Defendants, both of them as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a result of Defendant, Schlee & Stillman and Defendant, FIA's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

## PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant, Schlee & Stillman, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | | |
|---|---|---|
| | §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| | §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Schlee & Stillman Law Office, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II - BREACH OF CONTRACT

## PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC

## & FIA CARD SERVICES

36. The above paragraphs are hereby incorporated herein by reference.

37. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, Schlee & Stillman and FIA, promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

38. Defendants are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Schlee & Stillman Law Office, LLC and FIA Card Services, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III - ILLINOIS COLLECTION AGENCY ACT

## PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC

39. Plaintiff incorporated paragraphs 1-32.

40. Defendant, Schlee & Stillman, is a "collection agency" as defined by the Illinois Collection Agency Act, 225 ILCS §§425/1 et seq.

41. Section §§425/3(d), as amended effective January 1, 2008, brings debt buyers within its purview by providing that "a person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it buys accounts, bills or other indebtedness and engages in collecting the same".

42. Previously coverage was limited to a person who "buys accounts, bills or other indebtedness with recourse and engages in collecting the same.

43. By deleting "with recourse" the legislature intended to classify as a "collection agency" persons such as the Defendant, Schlee & Stillman, who buy charged-off debts for their own account.

44. In addition, in 2007 amendments repealed the definition of "collection agency" contained din former §§425/2.02 and provided a more expansive set of definitions which, among other things, now defines a "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or himself and others, engages in debt collection". 225 ILCS §§425/2 (emphasis added).

45. Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

46. Defendant, Schlee & Stillman, violated the following provisions of 225 ILCS §§425/9

>§§425/9/31   Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm

47. Plaintiff was damaged as a result.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Schlee & Stillman, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

### V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: August 30, 2011**          BY: */s/Bruce K. Warren*
                                   Bruce K. Warren, Esq.
                                   Warren & Vullings, LLP
                                   93 Old York Road
                                   Suite 333
                                   Jenkintown, PA  19046
                                   215-745-9800   Fax 215-745-7880
                                   Attorney for Plaintiff
                                   bkw@w-vlaw.com